# AMENDED AND RESTATED
## SETTLEMENT AGREEMENT, RELEASE, AND COVENANT NOT TO SUE

This Amended and Restated Settlement Agreement, Release, and Covenant Not To Sue—or "Agreement"—is made and entered as of March 3, 2015, by and between **Master Lock Company LLC** and the **International Union, United Automobile, Aerospace and Agricultural Workers of America**; the **International Union, United Automobile, Aerospace and Agricultural Workers of America Local 469**; **Jacqueline Peterson**, **Jack Skok**, and **Lawrence Jozwiak**, for themselves and on behalf of the Defendant Class; **Clinton Crosby**, for himself and on behalf of the 1976–1995 Class; **Clyde Ehlers**, for himself and on behalf of the 1993 Class; and **Doris Meissner**, for herself and on behalf of the 1997 Class.

## RECITALS

WHEREAS, on April 3, 2014, Master Lock filed suit in the United States District Court for the Eastern District of Wisconsin (Case 2:14-cv-00383-LA) ("the Litigation") against the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, and Mr. Jozwiak. In the Litigation, Master Lock sought a declaratory judgment under section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185 (2012), and section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (2012) (as amended), that Master Lock was not obligated under collective bargaining agreements with the UAW or UAW Local 469 to provide life insurance benefits or Medicare Part B supplements to Ms. Peterson, Mr. Skok, Mr. Jozwiak, or similarly situated retirees beyond March 31, 2013, when the 2008 Master Lock–UAW–UAW Local 469 CBA expired;

WHEREAS, on April 29, 2014, the UAW, UAW Local 469, and Mr. Crosby filed counterclaims in the Litigation against Master Lock under section 301 of the LMRA, 29 U.S.C. § 185, seeking a declaratory judgment that Master Lock was required by CBAs with the UAW or

UAW Local 469 and in force between June 2, 1976, and May 28, 1995, to provide life insurance benefits and Medicare Part B supplements to Mr. Crosby and similarly situated retirees for the retirees' lifetimes;

WHEREAS, on April 29, 2014, the UAW, UAW Local 469, and Mr. Ehlers filed counterclaims in the Litigation against Master Lock under section 301 of the LMRA, 29 U.S.C. § 185, and section 502 of ERISA, 29 U.S.C. § 1132, seeking a declaratory judgment that Master Lock was required by the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees to provide life insurance benefits and Medicare Part B supplements to Mr. Ehlers and similarly situated retirees for the retirees' lifetimes;

WHEREAS, on April 29, 2014, the UAW, UAW Local 469, and Ms. Meissner filed counterclaims in the Litigation against Master Lock under section 301 of the LMRA, seeking a declaratory judgment that Master Lock was required by section 4 of the 1997 Supplemental Agreement between Master Lock and UAW Local 469 to provide life insurance benefits and Medicare Part B supplements to Ms. Meissner and similarly situated retirees for the retirees' lifetimes;

WHEREAS, on September 8, 2014, the district court in the Litigation certified under Federal Rule of Civil Procedure 23(b)(1) and (b)(2) Ms. Peterson, Mr. Skok, and Mr. Jozwiak as representatives of a "Defendant Class" of employees of Master Lock (or its predecessors) who were represented in bargaining by the UAW and UAW Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits;

WHEREAS, on September 8, 2014, the district court in the Litigation certified under Federal Rule of Civil Procedure 23(b)(1) and (b)(2) Mr. Crosby as the representative of a "1976–

1995 Class" of employees of Master Lock (or its predecessors) who were represented in bargaining by the UAW and UAW Local 469; who retired between June 2, 1976, and May 28, 1995; who did not retire under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees; and who retired with eligibility for company-provided Medicare Part B supplements and life insurance benefits;

WHEREAS, on September 8, 2014, the district court in the Litigation certified under Federal Rule of Civil Procedure 23(b)(1) and (b)(2) Mr. Ehlers as the representative of a "1993 Class" of employees of Master Lock (or its predecessors) who retired under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees with eligibility for company-provided Medicare Part B supplements and life insurance benefits;

WHEREAS, on September 8, 2014, the district court in the Litigation certified under Federal Rule of Civil Procedure 23(b)(1) and (b)(2) Ms. Meissner as the representative of a "1997 Class" of employees of Master Lock (or its predecessors) who retired under section 4 of the 1997 Supplemental Agreement between Master Lock and UAW Local 469 with eligibility for company-provided Medicare Part B supplements and life insurance benefits;

WHEREAS, on September 8, 2014, the district court in the Litigation appointed Hawks Quindel, S.C., under Federal Rule of Civil Procedure 23(g) as counsel for the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class, and

WHEREAS, the parties intend that the proposed settlement embodied in this Agreement resolve all claims and disputes between Master Lock and the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class that were raised or could have been raised in the Litigation;

The parties therefore agree as follows:

**TERMS**

**1.**     **Benefits of Settlement.**

    1.1     **To Master Lock.** Master Lock has concluded that the further conduct of the Litigation would be protracted, expensive, and subject to uncertain outcomes. Absent settlement, Master Lock would continue to spend substantial amounts of time and resources in the prosecution of its claims against the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, and Mr. Jozwiak and its defense against the counterclaims asserted by the UAW, UAW Local 469, Mr. Crosby, Mr. Ehlers, and Ms. Meissner. Without conceding its legal position or admitting liability, Master Lock therefore has determined that it is beneficial that the claims and counterclaims in the Litigation be settled on the terms set forth herein.

    1.2     **To the UAW and UAW Local 469.** The UAW and UAW Local 469 have concluded that the further conduct of the Litigation would be protracted, expensive, and subject to uncertain outcomes. Absent settlement, the UAW and UAW Local 469 would continue to spend substantial amounts of time and resources in the prosecution of their counterclaims against Master Lock and their defense against the claims asserted by Master Lock. Without conceding their legal position, the UAW and UAW Local 469 therefore have determined that it is beneficial that the claims and counterclaims in the Litigation be settled on the terms set forth herein.

    1.3     **To Ms. Peterson, Mr. Skok, and Mr. Jozwiak.** Ms. Peterson, Mr. Skok, and Mr. Jozwiak have concluded that the further conduct of the Litigation would be protracted, expensive, and subject to uncertain outcomes. Absent settlement, Ms.

4

Peterson, Mr. Skok, and Mr. Jozwiak would continue to spend substantial amounts of time and resources in their defense against the claims asserted by Master Lock. Without conceding their legal position, Ms. Peterson, Mr. Skok, and Mr. Jozwiak therefore have determined that it is beneficial that the claims in the Litigation be settled on the terms set forth herein.

1.4 **To Mr. Crosby, Mr. Ehlers, and Ms. Meissner.** Mr. Crosby, Mr. Ehlers, and Ms. Meissner have concluded that the further conduct of the Litigation would be protracted, expensive, and subject to uncertain outcomes. Absent settlement, Mr. Crosby, Mr. Ehlers, and Ms. Meissner would continue to spend substantial amounts of time and resources in the prosecution of their counterclaims against Master Lock. Without conceding their legal position, Mr. Crosby, Mr. Ehlers, and Ms. Meissner therefore have determined that it is beneficial that the counterclaims in the Litigation be settled on the terms set forth herein.

**2. No Admissions.**

2.1 Master Lock continues to believe that the life insurance benefits and Medicare Part B supplements at issue in the Litigation are not vested benefits and denies any liability or obligation to continue paying the benefits.

2.2 The UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner continue to believe that the life insurance benefits and Medicare Part B supplements at issue in the Litigation are vested benefits.

2.3 No party may assert that this Agreement, the Agreement's negotiation, or any action effectuating or implementing this Agreement constitutes an admission by another party.

3.    **Preliminary Approval of the Settlement; Notice to the Defendant Class, 1976–1995 Class, 1993 Class, and 1997 Class; Entry of Judgment; Payments to Defendant Class.**

3.1    On or before ten days after all parties have executed this Agreement, the parties shall submit the Agreement to the district court in the Litigation and seek from the court an "Order of Preliminary Approval" (**Exhibit 2**); approval of a "Notice of Preliminary Approval" (**Exhibit 3**) to be sent to the Defendant Class, 1976–1995 Class, 1993 Class, and 1997 Class; and approval of a "Publication Notice" (**Exhibit 4**) for use in the *Milwaukee Journal Sentinel*.

3.2    Within twenty-one days after entry of the Order of Preliminary Approval, Hawks Quindel shall (a) mail a copy of the Notice of Preliminary Approval to the Defendant Class, 1976–1995 Class, 1993 Class, and 1997 Class at the addresses Master Lock has on file for the class members (which Master Lock shall provide to Hawks Quindel); (b) certify the mailing to the district court in the Litigation; and (c) publish the Publication Notice in the *Milwaukee Journal Sentinel* for a period of three days (half the cost of which shall be paid by Master Lock).

3.3    The members of the classes are identified on **Exhibit 1**. The parties understand that individuals who are not on Exhibit 1 may claim to be members of the Defendant Class. The parties will consider in good faith whether any such individuals are members of the Defendant Class and, if all parties agree, an individual may be added to the list contained in Exhibit 1. However, once the Court approves the Agreement and settlement, the list of members of the Defendant Class shall be considered closed, and no individuals shall be added to the list. Further, under no circumstances shall the amount distributed by Master Lock under section 3.5 exceed $1,250,000.

3.4     Upon approval of the Agreement by the district court in the Litigation, the parties

        will request the entry of a judgment, substantially in the form of **Exhibit 5**. No

        party shall take an appeal from the judgment.

3.5     Within forty days of the entry of judgment, Master Lock shall distribute

        $1,250,000 to the Defendant Class by sending checks in equal amounts to each

        class member or, if a class member died after August 31, 2014, to the class

        member's estate. As of the date of this Agreement, there were 451 class members,

        which means each member would receive approximately $2,771.61. All parties to

        the Agreement agree that the settlement amounts are not a substitute for past,

        present, or future wages.

   3.5.1    Master Lock will first send the checks by certified mail to the addresses

            that Master Lock has in its records for the class members.

   3.5.2    If Master Lock's initial attempt to deliver a check to a class member is

            unsuccessful, then Master Lock shall consult with UAW Local 469

            regarding an alternate address for such class member.

   3.5.3    If Master Lock and UAW Local 469 can ascertain an alternative address

            for a class member for whom Master Lock's initial attempt was

            unsuccessful, then Master Lock shall make a second attempt to deliver the

            check by certified mail to the class member using the alternate address.

   3.5.4    If Master Lock's second attempt to deliver a check to a class member is

            unsuccessful, then Master Lock shall disburse the funds intended for the

            class member to the UAW, and such disbursement shall discharge Master

            Lock's obligations under this Agreement to the class member.

3.5.5   If a check is delivered to a class member and not cashed within six months of the date of the check, then Master Lock shall cancel the check to the class member and disburse the funds intended for the class member to the UAW, and such disbursement shall discharge Master Lock's obligations under this Agreement to the class member.

3.6   If an appeal is taken from the judgment, then the deadline for Master Lock's obligations under section 3.5 shall be suspended until forty days following (a) the termination of any appeals or (b) the lapsing of the deadline to seek further review of the judgment, whichever is later.

**4.   Releases, Covenants Not To Sue, and Related Matters.**

4.1   Upon entry of the judgment, Master Lock shall fully, completely, and forever release, discharge, and acquit the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class from liability for the "Master Lock Released Claims," which are any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred, attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in the Litigation; provided, however, that nothing herein shall release or discharge the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class from his, her, or its obligations under this Agreement.

4.2     Master Lock agrees that it will not sue the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class with respect to one or more of the Master Lock Released Claims.

4.3     Upon entry of the judgment, the UAW; UAW Local 469; Ms. Peterson, Mr. Skok, and Mr. Jozwiak, for themselves and on behalf of the Defendant Class; Mr. Crosby, for himself and on behalf of the 1976–1995 Class; Mr. Ehlers, for himself and on behalf of the 1993 Class; and Ms. Meissner, for herself and on behalf of the 1997 Class, shall fully, completely, and forever release, discharge, and acquit Master Lock from liability for the "Union and Retiree Released Claims," which are any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred, attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in the Litigation; provided, however, that nothing herein shall release or discharge obligations of Master Lock under this Agreement.

4.4     The UAW; UAW Local 469; Ms. Peterson, Mr. Skok, and Mr. Jozwiak, for themselves and on behalf of the Defendant Class; Mr. Crosby, for himself and on behalf of the 1976–1995 Class; Mr. Ehlers, for himself and on behalf of the 1993 Class; and Ms. Meissner, for herself and on behalf of the 1997 Class, each agree that he, she, or it will not sue Master Lock with respect to one or more of the Union and Retiree Released Claims.

4.5     Upon entry of the judgment, Ms. Peterson, Mr. Skok, and Mr. Jozwiak, for themselves and on behalf of the Defendant Class; Mr. Crosby, for himself and on behalf of the 1976–1995 Class; Mr. Ehlers, for himself and on behalf of the 1993 Class; and Ms. Meissner, for herself and on behalf of the 1997 Class, shall fully, completely, and forever release, discharge, and acquit the UAW and UAW Local 469 from liability for the "Retiree Released Claims," which are any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred, attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in the Litigation, or otherwise arose out of the Litigation and the terms of this Agreement.

4.6     Ms. Peterson, Mr. Skok, and Mr. Jozwiak, for themselves and on behalf of the Defendant Class; Mr. Crosby, for himself and on behalf of the 1976–1995 Class; Mr. Ehlers, for himself and on behalf of the 1993 Class; and Ms. Meissner, for herself and on behalf of the 1997 Class, each agree that he, she, or it will not sue the UAW or UAW Local 469 with respect to one or more of the Retiree Released Claims or any claim which may have arose out of the Litigation and the terms of this Agreement.

4.7     Notwithstanding the releases from liability outlined above, this Agreement shall not bar UAW Local 469 from prosecuting, pursuant to the contractual grievance procedure, Grievance No. 3405 to the extent set forth in this section 4.7. UAW Local 469 may prosecute Grievance No. 3405 with respect to its claim of retroactive payments of Medicare Part B supplements for the period before

September 1, 2014. Nothing in this Agreement shall bar Master Lock from

asserting any and all defenses and counterclaims to Grievance No. 3405.

5.    **Termination.**

5.1    In the event that the district court in the Litigation does not enter an Order of

Preliminary Approval (section 3.1), does not approve the settlement (section 3.4),

or does not enter a satisfactory judgment (section 3.4), or in the event that an

appellate court rejects the settlement (section 3.6), then this Agreement shall be

considered terminated and the parties' positions shall be deemed to have reverted

to what they were immediately prior to the date of this Agreement.

5.2    If this Agreement is terminated, the parties agree to request the district court in the

Litigation to enter a new scheduling order calling for ninety days of discovery and

a dispositive-motion deadline of forty-five days following the close of discovery.

5.3    If this Agreement is terminated, each party agrees that he, she, or it will not offer

or attempt to place in evidence, or otherwise refer to, this Agreement, the

negotiations that led to its execution, or its termination except for the purpose of

securing a new scheduling order (section 5.2).

6.    **Miscellaneous Provisions.**

6.1    Except for sections 6.9.1 through 6.9.9 (which a party may amend unilaterally by

providing notice to all other parties), this Agreement may be amended or modified

only by a written instrument signed by or on behalf of all parties (or their

successors).

6.2    This Agreement constitutes the entire agreement between the parties, and no

representations, warranties, or inducements have been made by any party to any

other party concerning this Agreement, other than the representations, warranties, and covenants contained in this Agreement.

6.3 Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner believe that the Agreement is fair, reasonable, adequate, and in the best interest of the classes they represent and, therefore, will not object to or request that the district court in the Litigation disapprove any part of the Agreement.

6.4 The UAW and UAW Local 469 believe that the Agreement is fair, reasonable, adequate, and in the best interest of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class and, therefore, will not object to or request that the district court in the Litigation disapprove any part of the Agreement.

6.5 Hawks Quindel, which serves as class counsel for the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class, believes that the Agreement is fair, reasonable, adequate, and in the best interest of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class and, therefore, will so represent to the district court in the Litigation in connection with the submission in section 3.1.

6.6 This Agreement may be executed in two or more counterparts. All executed counterparts shall be provided to Master Lock, which shall provide copies of all executed counterparts to the other parties.

6.7 This Agreement shall be binding upon the parties' successors, spouses, and dependents.

6.8     This Agreement shall be governed by the laws of Wisconsin (without reference to a jurisdiction's choice-of-law or conflict-of-law principles) except to the extent that federal law preempts state law.

6.9     Any notice, request, information, or other document to be given under this Agreement by a party to another party shall be in writing and delivered personally, by mail, commercial carrier (e.g., Fedex), or email as follows.

    6.9.1     **To Master Lock.** Bobby R. Burchfield, McDermott Will & Emery LLP, The McDermott Building, 500 North Capitol Street, Northwest, Washington, District of Columbia 20001, bburchfield@mwe.com.

    6.9.2     **To the UAW.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

    6.9.3     **To UAW Local 469.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

    6.9.4     **To Ms. Peterson.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

    6.9.5     **To Mr. Skok.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

13

6.9.6 **To Mr. Joswiak.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

6.9.7 **To Mr. Crosby.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

6.9.8 **To Mr. Ehlers.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

6.9.9 **To Ms. Meissner.** Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202, rsaks@hq-law.com.

6.10 All parties shall be deemed to have drafted this Agreement.

6.11 All parties have had the opportunity to review this Agreement with counsel and receive advice of counsel as to the Agreement and its terms.

6.12    This Agreement is solely for the benefit of and confers rights only on the parties

to the Litigation and the members of the Defendant Class, the 1976–1995 Class,

the 1993 Class, and the 1997 Class. This Agreement is not for the benefit of, and

confers no rights on, any nonparties to the Agreement except members of the

Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class.

## SIGNATURES

The parties, having carefully reviewed it and who understand its terms, hereby sign the

Agreement.

**For Master Lock Company LLC:**

_Ted Nunziato_

Ted Nunziato
Vice President of Human Resources

Dated: _3 – 10 – 15_

| **For the International Union, United Automobile, Aerospace and Agricultural Workers of America:** | **For the International Union, United Automobile, Aerospace and Agricultural Workers of America Local 469:** |
|---|---|
| John Drew
Servicing Representative | Michael Bink
President |
| Dated: _____ | Dated: _____ |
| **For Herself and the Defendant Class:** | **For Himself and the Defendant Class:** |
| Jacqueline Peterson | Jack Skok |
| Dated: _____ | Dated: _____ |

15

6.12    This Agreement is solely for the benefit of and confers rights only on the parties

to the Litigation and the members of the Defendant Class, the 1976–1995 Class,

the 1993 Class, and the 1997 Class. This Agreement is not for the benefit of, and

confers no rights on, any nonparties to the Agreement except members of the

Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class.

## SIGNATURES

The parties, having carefully reviewed it and who understand its terms, hereby sign the

Agreement.

**For Master Lock Company LLC:**


_____
Ted Nunziato
Vice President of Human Resources

Dated: _____

| **For the International Union, United Automobile, Aerospace and Agricultural Workers of America:** | **For the International Union, United Automobile, Aerospace and Agricultural Workers of America Local 469:** |
|---|---|
| _____<br>John Drew<br>Servicing Representative | _____<br>Michael Bink<br>President |
| Dated: 3-11-15 | Dated: 3-13-15 |
| **For Herself and the Defendant Class:** | **For Himself and the Defendant Class:** |
| _____<br>Jacqueline Peterson | _____<br>Jack Skok |
| Dated: 3-13-15 | Dated: 3-13-15 |

15

**For Himself and the Defendant Class:**

Lawrence Jozwiak

Dated: _3-11-15_

**For Himself and the 1993 Class:**

Clyde Ehlers

Dated: _3-13-5_

**For Himself and the 1976–1995 Class:**

Clinton Crosby

Dated: _3-12-15_

**For Herself and the 1997 Class:**

Doris Meissner

Dated: _3-13-2015_

**EXHIBIT 1**
**LIST OF MEMBERS OF THE DEFENDANT CLASS,**
**THE 1976–1995 CLASS, THE 1993 CLASS, AND THE 1997 CLASS**
**(PARTIES MARKED WITH ASTERISKS)**

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Abraham, Jean | 8/3/1971 | 11/10/2003 | 2003 | |
| Adams, Linda | 6/14/1965 | 4/30/2000 | 1999 | |
| Adornato, Anthony J. | 6/14/1965 | 4/30/2000 | 1999 | |
| Agoudemos, Gerasimos | 6/5/1967 | 12/23/2003 | 2003 | |
| Agoudemos, Panagiotis | 5/11/1964 | 12/23/2003 | 2003 | |
| Allen, Barbara J. | 9/12/1968 | 4/1/2000 | 1999 | |
| Allison, Kent G. | 11/13/1961 | 4/30/2000 | 1999 | |
| Anderson, Betty | 5/14/1962 | 12/30/1988 | 1986 | 1976–1995 Class |
| Anderson, Debra | 9/9/1974 | 6/1/2000 | 1999 | |
| Andrews, Lee | 4/23/1979 | 11/29/1993 | 1993 SRP | 1993 Class |
| Armstrong, Hattie | 1/11/1971 | 11/30/2001 | 1999 | |
| Ashworth, Donna | 1/27/1946 | 4/30/2001 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Bacon, Marilyne | 9/13/1973 | 12/23/1997 | 1997 SRP | 1997 Class |
| Bacon,Carroll | 4/13/1970 | 12/31/2000 | 1999 | |
| Bahajak, Michael | 11/21/1974 | 5/18/2012 | 2008 | |
| Baier, Helen | 3/25/1953 | 12/31/1990 | 1989 | 1976–1995 Class |
| Balbach, Hans | 8/4/1969 | 10/31/1991 | 1989 | 1976–1995 Class |
| Ball, Terri | 7/24/1968 | 3/31/1998 | 1995 | |
| Bandler, Elizabeth | 11/17/1966 | 12/31/1991 | 1989 | 1976–1995 Class |
| Barcz, Richard | 12/13/1982 | 7/7/2005 | 2003 | |
| Barnes, Ona | 2/5/1990 | 2/5/1999 | 1995 | |
| Bartelt, RoseEllen | 8/15/1988 | 8/30/1996 | 1995 | |
| Bartsch, Jeanette | 5/21/1979 | 12/31/1986 | 1986 | 1976–1995 Class |
| Baty, Dorothy | 10/18/1972 | 2/28/1995 | 1992 | 1976–1995 Class |
| Baures, James | 11/19/1962 | 3/15/2010 | 2008 | |
| Becker, Shirley | 9/21/1970 | 5/21/2009 | 2008 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Bell, Charlene | 10/23/1972 | 5/4/2009 | 2008 | |
| Bendler, Roy | 8/15/1960 | 3/31/1999 | 1995 | |
| Benford, Christine | 9/3/1968 | 10/31/1997 | 1997 SRP | 1997 Class |
| Bent, Mary | 11/27/1978 | 1/18/2008 | 2003 | |
| Bentzler, Michael | 12/13/2004 | 3/2/2012 | 2008 | |
| Berefsky, Marlyss | 8/16/1971 | 11/24/1993 | 1993 SRP | 1993 Class |
| Bernhardt, Kim | 9/9/1985 | 2/28/2002 | 1999 | |
| Berrones, Rosa | 8/30/1971 | 3/19/1988 | 1986 | 1976–1995 Class |
| Betha, Rozelle | 8/14/1987 | 10/29/1999 | 1999 | |
| Betley, Jutta | 12/9/1965 | 1/25/2008 | 2003 | |
| Beyer, Alice | 11/10/1969 | 11/30/1993 | 1993 SRP | 1993 Class |
| Bink, Irmgard | 10/20/1958 | 12/30/1988 | 1986 | 1976–1995 Class |
| Blakely, Mary M. | 4/16/1985 | 5/1/2000 | 1999 | |
| Bloomingdale, Al | 3/6/1989 | 12/23/2003 | 2003 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Blythe, Lucille | 8/13/1951 | 7/31/1990 | 1989 | 1976–1995 Class |
| Boissineau, Pauline | 12/17/1973 | 6/30/2003 | 2003 | |
| Bond, Charlene | 2/22/1965 | 11/30/1993 | 1993 SRP | 1993 Class |
| Boruque, Joan | 3/29/1971 | 10/1/1999 | 1999 | |
| Bosetti, Richard | 2/12/1957 | 12/31/1996 | 1995 | |
| Bowen, Willie | 9/11/1978 | 12/31/1997 | 1997 SRP | 1997 Class |
| Boyd, Adeline | 1/11/1967 | 8/29/1997 | 1995 | |
| Brasch, George | 10/23/1950 | 6/29/1990 | 1989 | 1976–1995 Class |
| Bresette, Dorothy | 10/22/1973 | 9/30/2000 | 1999 | |
| Brhely, Carolyn | 10/29/1964 | 3/19/1998 | 1997 SRP | 1997 Class |
| Briscoe-Bey, Evelyn | 11/2/1966 | 7/1/1978 | 1995 | |
| Brodhagen, Janet | 10/26/1970 | 6/30/2000 | 1999 | |
| Brommer, Glen | 10/21/1968 | 4/30/1992 | 1989 | 1976–1995 Class |
| Brown, Eleanor | 10/23/1952 | 6/19/1987 | 1986 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Brown, James | 8/24/1964 | 7/30/1999 | 1995 | |
| Brown, Janice | 2/7/1972 | 4/30/1997 | 1995 | |
| Bruhn, Ruth | 2/7/1966 | 2/14/1986 | 1983 | 1976–1995 Class |
| Brunner, Karen | 6/27/1988 | 6/1/2000 | 1999 | |
| Bryant, Mary E. | 1/11/1971 | 4/1/2000 | 1999 | |
| Bryant, Minnie | 7/20/1987 | 2/28/2002 | 1999 | |
| Burt, Zelda | 11/6/1978 | 11/6/2003 | 2003 | |
| Butler-Nichols, Lodine | 12/14/1988 | 7/31/2000 | 1999 | |
| Byrne, James | 8/5/1963 | 11/30/1999 | 1999 | |
| Campbell, Alice | 9/18/1978 | 5/19/2006 | 2005 | |
| Campbell, Thomas | 6/8/1998 | 1/25/2008 | 2003 | |
| Cannon, Nathan | 12/8/1971 | 7/23/2010 | 2008 | |
| Chambliss, Linda | 12/15/2004 | 7/6/2012 | 2008 | |
| Cheatham, Donald | 2/25/1965 | 3/31/2010 | 2008 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Chester, Phyllis | 8/14/1978 | 7/31/2000 | 1999 | |
| Christian, Mary | 9/19/1966 | 11/30/1992 | 1992 | 1976–1995 Class |
| Ciardo, Santa | 9/22/1969 | 2/7/1990 | 1989 | 1976–1995 Class |
| Cliff, Eloise | | 12/1/1998 | 1995 | |
| Cocroft, Airmeda | 9/24/1990 | 10/31/2000 | 1999 | |
| Conners, Bobby | 11/3/2004 | 9/29/2011 | 2008 | |
| Corley, Dora | 9/11/1978 | 4/1/2000 | 1999 | |
| Cormican, Eileen | 9/29/1958 | 3/15/1996 | 1995 | |
| Cox, Sharol | 8/23/1971 | 11/19/1999 | 1999 | |
| Crosby, Clinton* | 9/20/1971 | 12/31/1987 | 1986 | 1976–1995 Class |
| Cross, Carmen | 4/16/1973 | 9/30/2000 | 1999 | |
| Cunningham, LaVern | 8/13/1979 | 5/1/2000 | 1999 | |
| Currey, Darlene | 3/3/1969 | 3/19/1998 | 1997 SRP | 1997 Class |
| Cyrs, Jerome | 7/22/1968 | 3/31/2001 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Czerniak, Judy | 4/19/1965 | 3/31/2001 | 1999 | |
| D'Amico, Bice | 12/10/1970 | 12/31/1997 | 1997 SRP | 1997 Class |
| D'Amico, Camillo | 5/27/1968 | 7/27/1990 | 1989 | 1976–1995 Class |
| D'Amico, Eda | 12/17/1970 | 11/30/1993 | 1993 SRP | 1993 Class |
| D'Amico, Lynn | 8/18/1964 | 1/25/2008 | 2003 | |
| Danielson, Lori | 6/4/1973 | 7/31/2012 | 2008 | |
| Davis (Taylor) ,Pauline | 9/10/1974 | 6/28/1991 | 1989 | 1976–1995 Class |
| Davis, Cindy | 10/2/1985 | 9/1/2001 | 1999 | |
| Davis, Hester | 9/25/1978 | 3/1/2011 | 2008 | |
| Davis, Lillie | 9/17/1985 | 3/31/2002 | 1999 | |
| Deml, Bonnie | 9/5/1978 | 3/19/1998 | 1997 SRP | 1997 Class |
| Didier, Richard | 11/8/1989 | 6/30/2005 | 2003 | |
| DiPalma, Enzo | 8/9/1966 | 10/29/1993 | 1993 SRP | 1993 Class |
| Dobrinska, Arvilla | 8/7/1961 | 10/31/1984 | 1983 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Doman, Alan | 4/15/1973 | 3/19/1998 | 1997 SRP | 1997 Class |
| Doman, Barbara | 7/15/1969 | 3/19/1998 | 1997 SRP | 1997 Class |
| Dostalek, Joyce | 10/29/1969 | 12/23/2003 | 2003 | |
| Dotson, Mamie | 6/21/1971 | 3/19/1998 | 1997 SRP | 1997 Class |
| Douyette, Corie | 1/11/1971 | 3/19/1998 | 1997 SRP | 1997 Class |
| Doxtator, Roberta | 9/27/1989 | 5/1/1999 | 1995 | |
| Drumel, Janice | 1/29/1957 | 10/31/1997 | 1997 SRP | 1997 Class |
| Duero, Jacqueline | 10/30/1978 | 6/30/2000 | 1999 | |
| Duerstling, Helen | 6/21/1978 | 3/19/1998 | 1997 SRP | 1997 Class |
| Edlebeck, Donald | 10/23/1950 | 11/30/1993 | 1993 SRP | 1993 Class |
| Egan, Mary | 1/11/1972 | 11/30/1993 | 1993 SRP | 1993 Class |
| Ehlers, Clyde* | 9/25/1950 | 11/30/1993 | 1993 SRP | 1993 Class |
| Enders, George | 10/11/1950 | 9/30/1988 | 1986 | 1976–1995 Class |
| Erickson, Betty | 9/24/1979 | 5/19/1995 | 1992 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Ertl, William | 9/13/1985 | 10/30/2010 | 2008 | |
| Falk, Mina | 8/12/1958 | 9/22/1989 | 1989 | 1976–1995 Class |
| Felder, Marilyn | 6/6/1974 | 11/30/1993 | 1993 SRP | 1993 Class |
| Fierek, Mary | 1/6/1970 | 6/29/1990 | 1989 | 1976–1995 Class |
| Fischer, June | 4/29/1968 | 1/31/1998 | 1997 SRP | 1997 Class |
| Flegner, Geraldine | 9/5/1978 | 11/30/1993 | 1993 SRP | 1993 Class |
| Fleming, Eva | 1/27/1969 | 8/31/1993 | 1992 | 1976–1995 Class |
| Folds, Charles | 7/20/1987 | 2/28/2002 | 1999 | |
| Ford (Hunter), Louise | 9/7/1967 | 6/30/1997 | 1995 | |
| Foster, Helen | 7/23/1963 | 12/31/1994 | 1992 | 1976–1995 Class |
| Franke, Elizabeth | 10/28/1964 | 9/30/2000 | 1999 | |
| French, Bernice | 9/26/1955 | 6/26/1982 | 1980 | 1976–1995 Class |
| Fritsch, Meta | 9/23/1974 | 6/4/1990 | 1989 | 1976–1995 Class |
| Fritsche, Gordon | 4/30/1968 | 4/30/2009 | 2008 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Fuss, Francis | 6/1/1958 | 1/29/1993 | 1992 | 1976–1995 Class |
| Gaikowski, Thomas | 4/14/1958 | 12/31/1996 | 1995 | |
| Galanis, Nick | 1/9/1968 | 1/31/2001 | 1999 | |
| Gamez, Susan | 12/17/1970 | 8/15/2011 | 2008 | |
| Gasperetti, Siegrun | 1/6/1972 | 10/15/1999 | 1999 | |
| Gatson-Smith, Margie | 1/10/1972 | 3/19/1998 | 1997 SRP | 1997 Class |
| Gendron, Gail | 6/17/1971 | 12/31/1997 | 1997 SRP | 1997 Class |
| Gerke, Donald | 9/10/1973 | 12/31/2000 | 1999 | |
| Gibson, Ronald | 3/7/1988 | 2/22/2008 | 2008 | |
| Glick, Lyman | 1/21/1981 | 1/31/1998 | 1997 SRP | 1997 Class |
| Glisczinski, Loretta | 6/30/1969 | 3/19/1998 | 1997 SRP | 1997 Class |
| Gnand, Eva | 11/24/1969 | 3/19/1998 | 1997 SRP | 1997 Class |
| Goetsch, Judith | 1/5/1965 | 1/31/2001 | 1999 | |
| Goldamer, Alan | 5/13/1974 | 9/1/2003 | 2003 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Goodemate, Jeanette | 11/17/1969 | 12/31/1997 | 1997 SRP | 1997 Class |
| Gordon, Eva | 4/20/1965 | 11/30/1993 | 1993 SRP | 1993 Class |
| Gottwein, Janice | 3/26/1979 | 6/4/1993 | 1992 | 1976–1995 Class |
| Grabowski, Robert | 7/29/1968 | 3/19/1998 | 1997 SRP | 1997 Class |
| Granholm, Harriet | 3/22/1950 | 2/9/1978 | 1976 | 1976–1995 Class |
| Granke, Rosemary | 12/5/1966 | 11/30/1994 | 1992 | 1976–1995 Class |
| Green, Audrey | 2/26/1979 | 5/1/2000 | 1999 | |
| Grimm, Edward | 1/23/1978 | 11/24/1993 | 1993 SRP | 1993 Class |
| Gruett, Patricia | 6/17/1968 | 12/29/2006 | 2003 | |
| Gruman, Louis | 6/17/1968 | 2/25/2009 | 2008 | |
| Guentner, Marcella | 1/24/1945 | 9/25/1980 | 1980 | 1976–1995 Class |
| Gurney, Marcia | 3/21/1974 | 3/31/2011 | 2008 | |
| Guy, Shirley | 8/27/1979 | 2/18/2001 | 1999 | |
| Guyton, Bessie | 4/4/1968 | 8/18/2011 | 2008 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Hafferman, Vernon | 7/29/1968 | 3/18/2010 | 2008 | |
| Hahn, Gunter | 9/15/1975 | 12/23/2003 | 2003 | |
| Hall, Genevieve | 1/2/1979 | 7/31/1995 | 1995 | |
| Hampton, Mary | 10/2/1974 | 10/15/1999 | 1999 | |
| Hanke, Beverly | 1/31/1955 | 12/31/1997 | 1997 SRP | 1997 Class |
| Hanke, Carol | 1/26/1959 | 2/28/2002 | 1999 | |
| Hansen, Judith Lee | 10/24/1967 | 2/28/2002 | 1999 | |
| Hanus, David | 10/27/1971 | 3/31/2000 | 1999 | |
| Harris, Martha | 9/25/1967 | 7/30/1993 | 1992 | 1976–1995 Class |
| Harris, Carolyn | 3/26/1966 | 11/30/2000 | 1999 | |
| Hawthorne, Hattie | 11/6/1967 | 11/26/1997 | 1997 SRP | 1997 Class |
| Heider, Anna | 1/19/1971 | 3/19/1998 | 1997 SRP | 1997 Class |
| Heintz, Robert R. | 10/9/1989 | 5/31/2000 | 1999 | |
| Heinz, Margaret | 8/14/1973 | 10/31/1997 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Hellendrung, Karen | 9/28/1967 | 12/22/2010 | 2008 | |
| Hempe, Jerome | 4/13/1959 | 4/28/2003 | 1999 | |
| Henderson, Erie Mae | 2/21/1979 | 11/30/2000 | 1999 | |
| Henry, Irma | 10/15/1958 | 10/20/1988 | 1986 | 1976–1995 Class |
| Hermann, Don | 9/8/1964 | 3/19/1998 | 1997 SRP | 1997 Class |
| Hernandez, Efrain | 5/6/1974 | 7/31/2000 | 1999 | |
| Herron, Mary Lou | 1/26/1970 | 4/1/2000 | 1999 | |
| Horack, Arleigh | 10/27/1953 | 11/30/1993 | 1993 SRP | 1993 Class |
| Hottenstine, Dawn | 7/16/1973 | 11/18/2005 | 2003 | |
| Howard, Claudie | 9/18/1974 | 5/30/1997 | 1995 | |
| Howard, Mae Ella | 11/3/1967 | 3/19/1998 | 1997 SRP | 1997 Class |
| Hubbard, Phyllis | 8/5/1963 | 12/1/2003 | 2003 | |
| Huber, Angeline | 3/17/1970 | 11/30/1999 | 1999 | |
| Hull, Sally | 5/6/1974 | 3/19/1998 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Humphrey, Yvonne | 11/16/1970 | 1/31/2001 | 1999 | |
| Jackson, Joyce | 1/18/1961 | 3/19/1998 | 1997 SRP | 1997 Class |
| Jackson, Sadie | 2/8/1966 | 10/31/1997 | 1997 SRP | 1997 Class |
| Jacobson, Patricia | 1/29/1968 | 1/31/1998 | 1997 SRP | 1997 Class |
| Jaklich, James | 3/24/1982 | 9/12/2008 | 2008 | |
| James, Dorothy | 10/29/1969 | 1/25/2008 | 2003 | |
| James, Irmajean | 1/12/1955 | 7/1/1990 | 1989 | 1976–1995 Class |
| James, Janice | 8/9/1961 | 12/31/1997 | 1997 SRP | 1997 Class |
| Jankowiak, Erwin | 8/24/1960 | 2/28/1992 | 1989 | 1976–1995 Class |
| Janusiak, Agnes | 11/1/1989 | 12/31/1996 | 1995 | |
| Jaszewski, Patricia | 1/2/1968 | 5/8/2012 | 2008 | |
| Jensen, Josephine | 9/20/1973 | 6/7/1991 | 1989 | 1976–1995 Class |
| Jewett, Chester | 8/30/1967 | 12/31/2001 | 1999 | |
| Johnson, Betty | 11/16/1964 | 10/31/1997 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Johnson, Dorothy | 8/31/1988 | 6/30/1998 | 1995 | |
| Johnson, Esther | 12/4/1972 | 4/30/1994 | 1992 | 1976–1995 Class |
| Johnson, Helen | 5/4/1992 | 4/30/1997 | 1995 | |
| Johnson, Joanne | 7/30/1979 | 11/26/1997 | 1997 SRP | 1997 Class |
| Johnson, Joyce K. | 8/2/1971 | 4/30/2000 | 1999 | |
| Johnson, William | 8/5/1974 | 11/13/1993 | 1993 SRP | 1993 Class |
| Johnson, Joan | 5/6/1991 | 10/20/2000 | 1999 | |
| Jones, Mary | 2/9/1971 | 5/31/1996 | 1995 | |
| Jozwiak, Larry* | 8/21/1978 | 1/31/2006 | 2003 | |
| Kaiser, Edward | 5/28/1964 | 7/17/1987 | 1986 | 1976–1995 Class |
| Kaiser, Henriette | 2/8/1961 | 12/31/1997 | 1997 SRP | 1997 Class |
| Karl, Charleen | 1/18/1960 | 3/19/1998 | 1997 SRP | 1997 Class |
| Karpinski, Ernest | 8/26/1968 | 10/29/1993 | 1993 SRP | 1993 Class |
| Kester, Donald | 6/30/1958 | 4/7/2000 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Killinger, Arvetta | 12/16/1971 | 7/31/1992 | 1992 | 1976–1995 Class |
| Kirkwood, Dianne | 9/11/1978 | 7/14/2000 | 1999 | |
| Klejsmit, Vivian | 9/15/1971 | 11/24/1993 | 1993 SRP | 1993 Class |
| Klockow, Charlotte | 3/1/1950 | 2/28/1990 | 1989 | 1976–1995 Class |
| Klotz, Gerald | 8/27/1979 | 10/31/1997 | 1997 SRP | 1997 Class |
| Knapp, Gregory | 1/13/1992 | 9/1/2003 | 2003 | |
| Knerler, Heidemarie | 8/19/1966 | 12/31/2007 | 2003 | |
| Knopfler, Hannelore | 11/5/1965 | 11/30/1993 | 1993 SRP | 1993 Class |
| Knopp, Sheila | 7/14/1969 | 7/31/2000 | 1999 | |
| Knowles, Grace | 10/19/1950 | 8/3/1990 | 1989 | 1976–1995 Class |
| Knuth, Maxine | 4/25/1974 | 6/16/2011 | 2008 | |
| Koceja, Rosemary | 1/29/1990 | 5/1/2000 | 1999 | |
| Koester, Joan | 5/31/1951 | 10/1/1990 | 1989 | 1976–1995 Class |
| Kondrad, Betty | 3/13/1989 | 10/31/2001 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Kopczynski, Nancy | 2/19/1968 | 3/19/1998 | 1997 SRP | 1997 Class |
| Krapf, Helga | 9/23/1974 | 3/19/1998 | 1997 SRP | 1997 Class |
| Krawczyk, Karen | 1/8/1962 | 2/28/1998 | 1997 SRP | 1997 Class |
| Kuehn, Shirley | 1/8/1962 | 11/19/1993 | 1993 SRP | 1993 Class |
| Kulick, Shirley | 10/15/1970 | 6/18/1993 | 1992 | 1976–1995 Class |
| Kuntz, Vincent | 4/26/1961 | 10/29/1993 | 1993 SRP | 1993 Class |
| Kunz, Peggy | 8/15/1966 | 6/22/2010 | 2008 | |
| Lamon, Audrey | 9/28/1966 | 7/31/2000 | 1999 | |
| Lashoones, Fumi | 11/23/1964 | 3/19/1998 | 1997 SRP | 1997 Class |
| Lawson, Margaret | 2/14/1990 | 10/27/2000 | 1999 | |
| Lee, Dorothy | 7/20/1987 | 2/28/2002 | 1999 | |
| Leisenring, Barbara | 4/23/1973 | 5/17/2010 | 2008 | |
| Lepianka, Louise | 10/31/1968 | 12/31/1997 | 1997 SRP | 1997 Class |
| Letkiewicz, Roberta | 10/31/1966 | 7/1/2000 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Leura, Alicia | 5/9/1974 | 8/3/2012 | 2008 | |
| Leveringston, Mary | 11/23/1952 | 11/30/1993 | 1993 SRP | 1993 Class |
| Lewis, Eldora | 2/23/1951 | 12/31/1990 | 1989 | 1976–1995 Class |
| Lindsley, Delrae | 9/19/1974 | 10/15/1997 | 1997 SRP | 1997 Class |
| Lisi, Lillian | 9/26/1956 | 12/23/1992 | 1992 | 1976–1995 Class |
| Lockett, Elnore | 11/9/1954 | 11/30/1993 | 1993 SRP | 1993 Class |
| Lowe, Zeophis | 5/28/1964 | 2/14/1992 | 1989 | 1976–1995 Class |
| Machtel, Patrick | 7/11/1966 | 6/27/2003 | 2003 | |
| Maciejewski, Angela | 11/1/1971 | 11/30/2001 | 1999 | |
| Magee, Margie | 4/1/1974 | 1/25/2008 | 2003 | |
| Marko, Ruth | 7/6/1965 | 4/30/2000 | 1999 | |
| Martin, Christine | 4/9/1973 | 3/19/1998 | 1997 SRP | 1997 Class |
| Mathews, Lois | 9/12/1949 | 11/30/1993 | 1993 SRP | 1993 Class |
| Mathwig, Ronald | 8/21/1967 | 3/19/1998 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Maurer, Mary | 8/3/1964 | 10/31/2000 | 1999 | |
| Maurer, William | 9/4/1974 | 3/31/2002 | 1999 | |
| May, Dorothy | 6/21/1978 | 8/20/2010 | 2008 | |
| McCarthy, Warren | 2/22/1988 | 3/31/2006 | 2003 | |
| McClone, Lois | 8/30/1971 | 4/24/1992 | 1989 | 1976–1995 Class |
| McCoy, Columbus | 3/3/1969 | 4/27/2012 | 2008 | |
| McSwain, Deborah | 1/15/1973 | 4/30/1993 | 1992 | 1976–1995 Class |
| Meissner, Doris* | 8/20/1962 | 3/19/1998 | 1997 SRP | 1997 Class |
| Merschdorf, Marcia | 9/24/1973 | 10/31/1997 | 1997 SRP | 1997 Class |
| Mesoloras, Vasilios | 9/10/1969 | 6/27/2003 | 2003 | |
| Michelz, LaVerne | 9/22/1969 | 1/31/1992 | 1989 | 1976–1995 Class |
| Mielke, Keiko | 5/24/1973 | 11/24/1993 | 1993 SRP | 1993 Class |
| Miller, Gerald | 2/12/1962 | 7/30/1993 | 1992 | 1976–1995 Class |
| Minor, Diane R. | 10/2/1973 | 3/31/2000 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Minor, Russell J. | 2/20/1961 | 3/31/2000 | 1999 | |
| Moberg, Chester | 1/31/1951 | 11/30/1993 | 1993 SRP | 1993 Class |
| Montie, Tosca | 10/7/1974 | 3/31/1990 | 1989 | 1976–1995 Class |
| Moore, Arizonia | 5/23/1973 | 12/31/1997 | 1997 SRP | 1997 Class |
| Moore, Joe | 2/5/1973 | 10/22/1993 | 1993 SRP | 1993 Class |
| Moorer, Brenda | 10/9/1978 | 10/31/2003 | 2003 | |
| Mucha, Richard | 10/26/1960 | 5/31/1996 | 1995 | |
| Mullaney, JM | 3/5/1979 | 10/31/2003 | 2003 | |
| Murrenus, Diane | 10/17/1972 | 2/29/2012 | 2008 | |
| Myrick, Altha | 1/22/1973 | 7/22/1996 | 1995 | |
| Nealy, Elsie | 4/30/1979 | 10/31/1997 | 1997 SRP | 1997 Class |
| Nehr, Mary | 2/12/1973 | 8/31/2007 | 2003 | |
| Neidorfler, Elizabeth | 2/12/1969 | 4/26/1996 | 1995 | |
| Nelson, Marguerite | 2/11/1953 | 12/29/1989 | 1989 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Ness, Pauline | 10/16/1963 | 2/28/2011 | 2008 | |
| Nettesheim, Evelyn | 4/25/1968 | 7/19/1985 | 1983 | 1976–1995 Class |
| Nevermann, James | 7/31/1972 | 9/5/2003 | 2003 | |
| Newkirk, Janice | 12/6/1967 | 11/18/1993 | 1993 SRP | 1993 Class |
| Nguyen, Phuc | 5/26/1992 | 7/31/2000 | 1999 | |
| Nick, Vivian | 8/8/1961 | 11/26/2003 | 2003 | |
| Noel, Myrtle | 1/30/1967 | 9/12/2003 | 2003 | |
| Norman, Dianne | 5/2/1974 | 12/31/1997 | 1997 SRP | 1997 Class |
| O'Connell, Arlyne | 5/10/1967 | 12/31/1997 | 1997 SRP | 1997 Class |
| O'Connell, Donna | 9/8/1969 | 10/31/1997 | 1997 SRP | 1997 Class |
| Olwig, Herbert | 11/21/1950 | 12/31/1991 | 1989 | 1976–1995 Class |
| O'Neal, Gladys | 1/13/1964 | 12/31/1997 | 1997 SRP | 1997 Class |
| Oprean, Eva | 1/17/1974 | 11/30/2007 | 2003 | |
| Osowski, John | 6/4/1964 | 12/31/1997 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Overton, Joyce | 2/14/1974 | 11/30/1993 | 1993 SRP | 1993 Class |
| Parish, Alice | 6/3/1964 | 10/24/1986 | 1986 | 1976–1995 Class |
| Pashalian, Clarice | 7/13/1989 | 2/28/2002 | 1999 | |
| Pearson, Cora | 8/6/1979 | 5/1/2000 | 1999 | |
| Pearson, Todd | 10/2/1989 | 7/31/2000 | 1999 | |
| Peek, Jerry | 6/20/1966 | 10/31/2000 | 1999 | |
| Pergande, Ralph | 4/30/1979 | 2/28/2002 | 1999 | |
| Peterson, Jacqueline* | 6/24/1969 | 6/20/2008 | 2008 | |
| Peterson, Timothy | 8/8/1968 | 4/30/2010 | 2008 | |
| Petted, Gerald | 8/28/1987 | 7/31/1998 | 1995 | |
| Pietruszynski, Gloria | 10/15/1958 | 3/19/1998 | 1997 SRP | 1997 Class |
| Pohle, Donald | 5/19/1965 | 12/23/2004 | 2003 | |
| Pollard, Marie | 9/9/1974 | 6/30/2000 | 1999 | |
| Powell, Delores | 10/23/1978 | 10/1/1999 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Premysl, Judith | 2/15/1967 | 9/30/1996 | 1995 | |
| Prewitt, Renate | 9/16/1984 | 10/1/1999 | 1999 | |
| Prusko, Barbara | 12/11/1978 | 9/30/2000 | 1999 | |
| Pryor, Jr, Herman | 10/23/1972 | 9/1/2001 | 1999 | |
| Puckett (Adams), Mildred | 6/15/1965 | 6/15/1992 | 1992 | 1976–1995 Class |
| Puerner, Dale H. | 8/29/1960 | 3/31/2000 | 1999 | |
| Puhle, Caroline | 5/20/1974 | 1/4/1990 | 1989 | 1976–1995 Class |
| Raduechel, Jackie | 4/21/1988 | 8/16/2012 | 2008 | |
| Ramirez, Angel | 9/23/1985 | 5/31/2000 | 1999 | |
| Ramsey, Robert | 12/14/1988 | 11/30/2000 | 1999 | |
| Read, Laline | 11/24/1971 | 4/18/2009 | 2008 | |
| Redding, Michelle | 7/3/1979 | 2/28/2002 | 1999 | |
| Reed, Peggy | 6/12/1978 | 7/1/1996 | 1995 | |
| Reich, Mira | 8/21/1967 | 4/8/1996 | 1995 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Reichardt, Henry | 10/29/1969 | 11/30/1993 | 1993 SRP | 1993 Class |
| Remondini, Elsa | 12/15/1970 | 1/31/1998 | 1997 SRP | 1997 Class |
| Reyes, Enoibel | 2/26/1990 | 4/30/2000 | 1999 | |
| Richardson, Mae | 7/13/1987 | 5/5/2000 | 1999 | |
| Richter, Ruth | 2/20/1968 | 9/29/1989 | 1989 | 1976–1995 Class |
| Rick, Elaine | 10/2/1958 | 3/19/1998 | 1997 SRP | 1997 Class |
| Rick, Rose | 8/27/1951 | 10/31/1984 | 1983 | 1976–1995 Class |
| Riege, Marilyn | 9/30/1974 | 6/30/2000 | 1999 | |
| Riley, Mary Anne | 10/23/1973 | 3/19/1998 | 1997 SRP | 1997 Class |
| Rische, Gloria | 3/10/1969 | 10/29/1993 | 1993 SRP | 1993 Class |
| Rodgers, Annie | 7/31/1978 | 4/30/1997 | 1995 | |
| Rodriguez, Darlene | 1/23/1967 | 9/14/2009 | 2008 | |
| Rogers, Donzella | 10/20/1969 | 8/30/1992 | 1992 | 1976–1995 Class |
| Roles, John | 5/14/1958 | 6/4/1993 | 1992 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Ross, Ineal | 1/7/1965 | 11/30/1993 | 1993 SRP | 1993 Class |
| Roy-Johnson, Sonia | 5/16/1974 | 10/31/1997 | 1997 SRP | 1997 Class |
| Russell, Liza | 2/2/1971 | 12/31/1997 | 1997 SRP | 1997 Class |
| Sabourin, Clara | 10/2/1963 | 3/19/1998 | 1997 SRP | 1997 Class |
| Saleske, Martha | 10/23/1952 | 11/1/1992 | 1992 | 1976–1995 Class |
| Sattler, Michael | 10/13/1964 | 7/1/2000 | 1999 | |
| Schafer, Donna | 4/10/1961 | 10/31/1997 | 1997 SRP | 1997 Class |
| Scharf, William | 10/2/1967 | 3/2/2006 | 2003 | |
| Schmitz, Bonnie | 9/26/1968 | 4/30/1997 | 1995 | |
| Schoebel, Delores | 3/10/1969 | 11/7/1995 | 1995 | |
| Schroeder (formerly Sternig), Jeanette | 8/18/1969 | 2/28/1999 | 1995 | |
| Schubert, Karl | 4/22/1953 | 7/31/1985 | 1983 | 1976–1995 Class |
| Schultz, Marilyn | 6/10/1964 | 10/12/2006 | 2003 | |
| Schulz, Irene | 7/30/1979 | 2/28/2002 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
| --- | --- | --- | --- | --- |
| Schwartz, Suzanne | 6/24/1968 | 6/27/2003 | 2003 | |
| Schwarzenberger, Frances | 2/20/1961 | 4/16/1997 | 1995 | |
| Seebantz, Geraldine | 10/20/1969 | 7/22/1983 | 1992 | 1976–1995 Class |
| Seeger, Lois | 8/25/1969 | 9/18/1992 | 1992 | 1976–1995 Class |
| Seidler, Adolf | 3/17/1980 | 6/30/2004 | 2003 | |
| Sellers, Gloria | 12/4/1978 | 10/29/1999 | 1999 | |
| Semski, Marlene | 1/18/1971 | 11/5/1993 | 1993 SRP | 1993 Class |
| Shaffer, Betty Lou | 9/9/1968 | 1/31/2004 | 2003 | |
| Shipmon, Earnestine | 10/14/1952 | 12/2/1987 | 1986 | 1976–1995 Class |
| Shogren, William | 8/9/1971 | 3/19/1998 | 1997 SRP | 1997 Class |
| Sholten, Richard | 1/10/1990 | 2/29/2000 | 1999 | |
| Siegel, Beryl | 9/13/1954 | 3/19/1998 | 1997 SRP | 1997 Class |
| Siggers, Linda | 3/25/1974 | 11/30/2012 | 2008 | |
| Skenandore, Lorraine | 3/25/1969 | 10/29/1993 | 1993 SRP | 1993 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Sklyar, Raisa | 8/27/1979 | 3/19/1998 | 1997 SRP | 1997 Class |
| Skok, Jack* | 12/22/1965 | 3/31/2009 | 2008 | |
| Smith, Darlene | 6/21/1971 | 3/19/1998 | 1997 SRP | 1997 Class |
| Smith, Ethel | 9/24/1963 | 11/12/1976 | 1986 | 1976–1995 Class |
| Smith, Gerada | 12/5/1968 | 5/28/2010 | 2008 | |
| Smith, Gerald | 12/17/1974 | 3/19/1998 | 1997 SRP | 1997 Class |
| Smith, Sammie | 2/15/1962 | 8/16/1985 | 1983 | 1976–1995 Class |
| Smith, Shirley | 1/14/1971 | 12/31/1997 | 1997 SRP | 1997 Class |
| Smith, Virginia | 4/1/1956 | 7/9/1993 | 1992 | 1976–1995 Class |
| Smith, Darean | 1/24/1973 | 3/19/1998 | 1997 SRP | 1997 Class |
| Sonnenberg, Jean | 10/14/1968 | 12/29/2006 | 2003 | |
| Sovelenko, Ronald | 4/3/1989 | 6/30/1999 | 1995 | |
| Spaeth, Frances | 9/19/1945 | 6/8/1981 | 1980 | 1976–1995 Class |
| Stangle, Harold | 1/28/1974 | 3/19/1998 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Stegall, Mary | 8/8/1957 | 6/30/1993 | 1992 | 1976–1995 Class |
| Steiner, Kitty | 9/24/1973 | 3/1/1984 | 1983 | 1976–1995 Class |
| Stephens, Glennie | 3/19/1979 | 1/30/2001 | 1999 | |
| Sternig, Adolph | 2/21/1966 | 10/29/1993 | 1993 SRP | 1993 Class |
| Stewart, Johnnie | 9/26/1974 | 5/30/1997 | 1995 | |
| Stone, Melvin | 9/17/2004 | 2/15/2010 | 2008 | |
| Storey, Ida M. | 10/16/1989 | 5/31/2000 | 1999 | |
| Stowers, Sudie | 4/5/1971 | 6/20/1997 | 1995 | |
| Strigenz, Gertrude | 2/8/1971 | 11/30/1993 | 1993 SRP | 1993 Class |
| Stromski, Diane | 1/10/1968 | 3/19/1998 | 1997 SRP | 1997 Class |
| Tamillo, Susan | 5/5/1969 | 9/30/2000 | 1999 | |
| Tank, Rose Ann | 2/1/1967 | 8/1/1991 | 1989 | 1976–1995 Class |
| Thomas, Gloria | 8/28/1978 | 9/1/2003 | 2003 | |
| Thomas, Mary | 11/10/1970 | 3/19/1998 | 1997 SRP | 1997 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Thomas, Ruth E. | 9/27/1973 | 4/1/2000 | 1999 | |
| Thomas, Wayne | 11/27/1967 | 4/1/2000 | 1999 | |
| Thompson, Barbara | 9/26/1978 | 11/24/2010 | 2008 | |
| Thompson, Sarah | 3/19/1969 | 3/19/1998 | 1997 SRP | 1997 Class |
| Thompson, William | 11/1/1971 | 9/30/2002 | 1999 | |
| Tiggs, Dorothy | 8/28/1978 | 3/19/1998 | 1997 SRP | 1997 Class |
| Tipton, Jean | 3/21/1973 | 10/31/1997 | 1997 SRP | 1997 Class |
| Todd, Yvonne | 12/13/1985 | 4/30/2001 | 1999 | |
| Tompkins, Lela | 2/17/1964 | 7/20/1990 | 1989 | 1976–1995 Class |
| Tongusi, Sally | 2/19/1968 | 5/29/2009 | 2008 | |
| Tourtillott, Juanita | 9/15/1975 | 9/19/2003 | 2003 | |
| Tran, Cuc | 6/9/1992 | 8/5/1999 | 1995 | |
| Trapp, Dorothy | 5/8/1969 | 9/30/1993 | 1993 SRP | 1993 Class |
| Treby, Joan | 1/12/1967 | 5/31/1993 | 1992 | 1976–1995 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Troutman, Gerald | 7/13/1981 | 10/6/1993 | 1992 | 1976–1995 Class |
| Tuggle, Donna | 8/8/1960 | 12/1/1993 | 1993 SRP | 1993 Class |
| Ulik, Ruth | 1/2/1952 | 11/24/1993 | 1993 SRP | 1993 Class |
| Vodnik, David L. | 12/12/1977 | 4/1/2000 | 1999 | |
| Wachowiak, Lenore | 11/10/1996 | 7/27/2012 | 2008 | |
| Wagner, Mary | 4/3/1969 | 7/31/1989 | 1989 | 1976–1995 Class |
| Waldhart, Eric | 4/5/2004 | 12/31/2012 | 2008 | |
| Walker, Thelma | 4/29/1968 | 2/28/2002 | 1999 | |
| Wall, Glory A. | 7/6/1971 | 3/31/2000 | 1999 | |
| Walsh, Joan | 9/3/1968 | 9/18/1992 | 1992 | 1976–1995 Class |
| Wandsnider, Lee | 2/14/1983 | 3/4/2002 | 1999 | |
| Ward, Sedette | 6/2/1964 | 8/27/1984 | 1983 | 1976–1995 Class |
| Ware, Nannie | 9/22/1969 | 6/30/2000 | 1999 | |
| Wasielewski, Bernice | 6/4/1992 | 10/31/2000 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Waupoose, Sharon | 5/8/1963 | 12/31/1997 | 1997 SRP | 1997 Class |
| Weckwerth, Bobbie | 2/15/1988 | 6/30/1999 | 1995 | |
| Wegner, Mary Ann | 1/12/1959 | 11/30/1993 | 1993 SRP | 1993 Class |
| Weil, John | 1/29/1951 | 11/30/1993 | 1993 SRP | 1993 Class |
| Weinkauf, Cherylynn | 11/10/1969 | 4/30/2012 | 2008 | |
| Wellhoefer, Wilma | 12/14/1952 | 3/31/1986 | 1983 | 1976–1995 Class |
| Wendling, Bernice | 9/21/1971 | 12/29/1990 | 1989 | 1976–1995 Class |
| Wendt, LaVerne | 1/9/1967 | 12/31/1996 | 1995 | |
| West, Rosemary | 7/1/1987 | 3/23/1995 | 1992 | 1976–1995 Class |
| Whalen, Patricia | 4/23/1979 | 10/31/2000 | 1999 | |
| Whitlow, Bobbie | 5/14/1973 | 6/30/2000 | 1999 | |
| Wiese, Harry | 2/17/1953 | 11/19/1993 | 1993 SRP | 1993 Class |
| Wilcox, Robert | 8/28/1957 | 11/30/1993 | 1993 SRP | 1993 Class |
| Wilke, Darlene | 3/21/1971 | 9/30/2000 | 1999 | |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Williams, Annie | 10/30/1978 | 10/31/1997 | 1997 SRP | 1997 Class |
| Williams, David | 7/30/1979 | 11/19/1999 | 1999 | |
| Williams, Evelyn | 12/14/1970 | 12/31/1997 | 1997 SRP | 1997 Class |
| Williams, Fannie | 5/16/1973 | 3/19/1998 | 1997 SRP | 1997 Class |
| Williams, Margaret | 7/30/1979 | 3/19/1998 | 1997 SRP | 1997 Class |
| Williams, Georgia | 7/8/1971 | 11/30/1993 | 1993 SRP | 1993 Class |
| Williams-Clay, Helen | 7/13/1978 | 3/19/1998 | 1997 SRP | 1997 Class |
| Wilson, Shirley | 4/8/1985 | 5/1/2000 | 1999 | |
| Wingelman, Joe | 4/7/1959 | 11/26/1997 | 1997 SRP | 1997 Class |
| Wiza, Michael E. | 3/14/1988 | 5/1/2000 | 1999 | |
| Woerishofer, Betty | 2/12/1974 | 2/28/1997 | 1995 | |
| Wright, Evita | 9/11/1972 | 3/19/1998 | 1997 SRP | 1997 Class |
| Wright, Mary | 11/11/1968 | 12/23/2003 | 2003 | |
| Yannaras, Christine | 11/8/1967 | 11/30/1993 | 1993 SRP | 1993 Class |

| Defendant Class Member | Hire Date | Termination Date | CBA Under Which Class Member First Received Benefits | Other Class Membership |
|---|---|---|---|---|
| Young, Agnes | 1/5/1964 | 12/23/2003 | 2003 | |
| Zauner, Frank | 8/12/1968 | 5/29/1987 | 1986 | 1976–1995 Class |
| Zierath, Kay | 10/12/1964 | 1/9/2006 | 2003 | |
| Zingale, June | 8/16/1967 | 7/14/2000 | 1999 | |
| Zoulek, Christine | 10/1/1973 | 4/1/2000 | 1999 | |

**EXHIBIT 2**
**ORDER OF PRELIMINARY APPROVAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MASTER LOCK COMPANY LLC, | |
| Plaintiff-Counterdefendant, | |
| v. | Case 2:14-cv-00383-LA |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 469, | |
| Defendants-Counterclaimants, | |
| and | |
| JACQUELINE PETERSON, JACK SKOK, and LAWRENCE JOZWIAK, | |
| Defendants, | |
| and | |
| CLINTON CROSBY, CLYDE EHLERS, and DORIS MEISSNER, | |
| Counterclaimants. | |

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL**

The parties entered into a proposed Amended and Restated Settlement Agreement,

Release, and Covenant Not To Sue—or "Agreement"—on March 3, 2015, and requested the

Court to give its preliminary approval to the Agreement and approve the form and method of

providing notice of the proposed settlement to the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class. The Court has reviewed the Agreement, including the proposed form of notice to the classes, and finds and concludes as follows:

1. This Court certified this case as a class action on September 8, 2014, when it approved four classes under Federal Rule of Civil Procedure 23(b)(1) and (b)(2). *First*, the Court certified Jacqueline Peterson, Jack Skok, and Lawrence Jozwiak as representatives of a "Defendant Class" of employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Second*, the Court certified Clinton Crosby as the representative of a "1976–1995 Class" of Master Lock employees who were represented in bargaining by the UAW and UAW Local 469; who retired between June 2, 1976, and May 28, 1995; who did not retire under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees; and who retired with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Third*, the Court certified Clyde Ehlers as the representative of a "1993 Class" of Master Lock employees who retired under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Finally*, the Court certified Doris Meissner as the representative of a "1997 Class" of Master Lock employees who retired under section 4 of the 1997 Supplemental Agreement between Master Lock and UAW Local 469 with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

2.     The Court is familiar with the history of this case, having presided over it since Master Lock commenced it on April 3, 2014. The Court has now considered the papers filed in support of the Agreement and the statements of the parties' counsel on the record. Based on this Court's extensive knowledge of this case and a review of the proposed Agreement, the Court finds, on a preliminary basis, that the Agreement is fair, reasonable, adequate, and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class. The Court will therefore direct that the notice of the Agreement be provided to the Class pursuant to Federal Rule of Civil Procedure 23(e)(1).

3.     The Court has reviewed the parties' proposed "Notice of Preliminary Approval" (Exhibit 3 to the Agreement) and "Publication Notice" (Exhibit 4 to the Agreement) and finds that they comply with the requirements of Federal Rule of Civil Procedure 23(e) and present the terms of the Agreement and the rights and responsibilities of the members of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class in the settlement approval process.

4.     The parties propose that Hawks Quindel send the Notice of Preliminary Approval to the members of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class by first-class mail using the addresses for the class members in Master Lock's records (which Master Lock shall provide to Hawks Quindel) and that Hawks Quindel publish the Publication Notice for a three-day period in the *Milwaukee Journal Sentinel* (half the costs of which shall be paid by Master Lock). The Court finds that such notice is the best notice practicable under the circumstances, is reasonably calculated to effectuate actual notice of the settlement to the classes, and satisfies the requirements of Federal Rule of Civil Procedure 23(e)(1).

Based upon the foregoing findings of fact and conclusions of law,

**THE COURT HEREBY ORDERS** that the Agreement is preliminarily approved.

**THE COURT ORDERS FURTHER** that all proceedings not related to the approval and implementation of the Agreement are stayed until further order of the Court.

**THE COURT ORDERS FURTHER** that the Notice of Preliminary Approval of the Agreement is approved by this Court and that the notice be mailed on or before [twenty-one days from date of Order of Preliminary Approval] by Hawks Quindel to each member of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class at the address Master Lock has for the class member (which Master Lock must provide to Hawks Quindel).

**THE COURT ORDERS FURTHER** that Hawks Quindel certify to the Court on or before [twenty-one days from the Order of Preliminary Approval] that the Notice of Preliminary Approval has been mailed to class members as ordered by the Court.

**THE COURT ORDERS FURTHER** that the Publication Notice is approved by this Court and that on or before [twenty-one days from date of Order of Preliminary Approval] Hawks Quindel publish the Publication Notice for a three-day period in the *Milwaukee Journal Sentinel* (half the cost of which shall be paid by Master Lock).

**THE COURT ORDERS FURTHER** that on [insert date], at [time], in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, the Court will conduct a hearing to finally determine the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Agreement.

**THE COURT ORDERS FURTHER** that any member of the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class may appear personally or by counsel at the hearing and may object or express his or her view regarding the Agreement and present evidence,

briefs, or other papers in support thereof. However, no class member will be heard or entitled to contest the approval by this Court of the Agreement unless, on or before the date set forth in the Notice of Preliminary Approval, he or she files with the Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and serves them on (a) counsel for Master Lock, Bobby R. Burchfield, McDermott Will & Emery LLP, The McDermott Building, 500 North Capitol Street, Northwest, Washington, District of Columbia 20001, and (b) counsel for the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner, Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202. Any class member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Agreement. Objections should bear the following heading: *Master Lock Co. v. International Union, UAW*, Case 2:14-cv-00383-LA (E.D. Wis. filed Apr. 3, 2014)—Objections to Proposed Settlement Agreement.

**THE COURT ORDERS FURTHER** that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Defendant Class, 1976–1995 Class, 1993 Class, and the 1997 Class, except to any class member who has timely filed an objection.

Dated at Milwaukee, Wisconsin, this _____ day of _____, 2015.

_____
LYNN ADELMAN
District Judge

**EXHIBIT 3**
**NOTICE OF PRELIMINARY APPROVAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MASTER LOCK COMPANY LLC, | |
| Plaintiff-Counterdefendant, | |
| v. | Case 2:14-cv-00383-LA |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 469, | |
| Defendants-Counterclaimants, | |
| and | |
| JACQUELINE PETERSON, JACK SKOK, and LAWRENCE JOZWIAK, | |
| Defendants, | |
| and | |
| CLINTON CROSBY, CLYDE EHLERS, and DORIS MEISSNER, | |
| Counterclaimants. | |

**[PROPOSED] NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, RELEASE, AND COVENANT NOT TO SUE AND HEARING TO BE HELD TO APPROVE THE PROPOSED SETTLEMENT**

To:  Employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired

between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

This notice is given pursuant to Federal Rule of Civil Procedure 23 and pursuant to an order of the United States District Court for the Eastern District of Wisconsin entered on [date of Order of Preliminary Approval]. It is directed to employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits. Such employees are members of one or more classes certified in the above-captioned "Litigation." This notice is intended to provide class members with information about the proposed Amended and Restated Settlement Agreement, Release, and Covenant Not To Sue—or "Agreement"—reached by the parties.

## THE CLASSES

This Court certified the Litigation as a class action on September 8, 2014, when it approved four classes under Federal Rule of Civil Procedure 23(b)(1) and (b)(2):

- The Court certified Jacqueline Peterson, Jack Skok, and Lawrence Jozwiak as representatives of a "Defendant Class" of employees of Master Lock (or its predecessors) who were represented in bargaining by the UAW and UAW Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

- The Court certified Clinton Crosby as the representative of a "1976–1995 Class" of Master Lock employees who were represented in bargaining by the UAW and UAW Local 469; who retired between June 2, 1976, and May 28, 1995; who did not retire under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees; and who retired with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

- The Court certified Clyde Ehlers as the representative of a "1993 Class" of Master Lock employees who retired under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

- The Court certified Doris Meissner as the representative of a "1997 Class" of Master Lock employees who retired under section 4 of the 1997 Supplemental Agreement between Master Lock and UAW Local 469 with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

The Court appointed as counsel for all four classes Richard Saks and Jeffrey Sweetland of Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202. As class counsel, Messrs. Saks and Sweetland are charged with protecting your interests in the Litigation.

## NATURE OF THE ACTION

This Litigation concerns life insurance benefits and Medicare Part B supplements provided to you by Master Lock during your retirement and before Master Lock terminated the benefits on September 1, 2014. Master Lock commenced the Litigation on April 3, 2014, when it sued the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, and Mr. Jozwiak for a declaratory judgment that the life insurance benefits and Medicare Part B supplements were not vested benefits and could be terminated by Master Lock. On April 29, 2014, the UAW, UAW Local 469, Mr. Crosby, Mr. Ehlers, and Ms. Meissner filed counterclaims against Master Lock seeking declaratory judgments that the life insurance benefits and Medicare Part B supplements provided under collective bargaining agreements in force between June 2, 1976, and May 28, 1995, and special retirement programs in 1993 and 1997 were vested and could not be terminated by Master Lock.

During the process of the Litigation, counsel for Master Lock and counsel for the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner (who are also class counsel) conducted an extensive investigation of the facts and the

law. The UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, and class counsel have concluded that, under the circumstances and given that the Litigation (including appeals) will take time and that final success is not guaranteed, the proposed Agreement and the settlement it represents are fair to and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class. The UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, and class counsel fully support the proposed Agreement and the settlement.

Although it continues to deny that the benefits at issue in the Litigation are vested benefits and denies any continuing responsibility to provide them, Master Lock desires to settle the action on the terms set forth in the Agreement in order to put to rest all further controversy and to avoid the expense of further, protracted litigation.

This notice is not meant to imply that there has been any violation of law or that the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, or Ms. Meissner will be ultimately successful if this lawsuit were not settled.

## SUMMARY OF THE PROPOSED AGREEMENT

A copy of the Agreement is available for review at the Court's website (www.wied.uscourts.gov). Because the Agreement (if approved) will impact your rights, you should read it very carefully.

The Court gave preliminary approval to the Agreement in an order dated [date of Order of Preliminary Approval], which is also available at the Court's website. The Agreement is subject to final approval by the Court after considering any objections filed by class members. If approved, the Court will enter a judgment, and you will receive approximately $2,771.61 from Master Lock.

The Agreement settles all claims of Master Lock against the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, and the Defendant Class regarding life insurance benefits or Medicare Part B supplements and all counterclaims of the UAW, UAW Local 469, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the 1976–1995 Class, the 1993 Class, and the 1997 Class and any of their successors against Master Lock for life insurance benefits or Medicare Part B supplements. If the Agreement is approved, your claims against Master Lock regarding post-August 31, 2014 life insurance benefits or Medicare Part B supplements will be liquidated and settled in exchange for a cash payment of approximately $2,771.61, and those claims will be dismissed with prejudice in the judgment.

**This notice contains just a summary of the terms of the Agreement. The full terms of the settlement of the Litigation are contained in the text of the Agreement. In the event of any inconsistency between this notice and the Agreement, the Agreement is the controlling document.**

## HEARING

Pursuant to an order of the Court entered on [date of Order of Preliminary Approval], there will be a hearing before the Honorable Lynn Adelman in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, on [insert date], at [insert time], for the purpose of determining whether the proposed Agreement and the settlement it represents are fair, reasonable, and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class and whether they should be finally approved by the Court. The hearing may be adjourned from time to time by the Court without further notice.

You do not have to come to the hearing. Class counsel will attend the hearing. Any class member may appear at the hearing, however, and, if he or she has objected to the proposed

Agreement, tell the Court why the proposed Agreement and settlement should not be approved. No class member will be heard at the hearing unless he or she files written objections with the Court at the above address on or before [insert date], and by the same date sends a copy of the objections to (a) counsel for Master Lock, Bobby R. Burchfield, McDermott Will & Emery LLP, The McDermott Building, 500 North Capitol Street, Northwest, Washington, District of Columbia 20001, and (b) counsel for the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner, Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202. Any class member who does not make his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Agreement and settlement. Objections should bear the following heading: *Master Lock Co. v. International Union, UAW*, Case 2:14-cv-00383-LA (E.D. Wis. filed Apr. 3, 2014)—Objections to Proposed Settlement Agreement.

If, after the hearing, the Court determines that the proposed Agreement and settlement are fair, reasonable, and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class and enters a final judgment approving them, that judgment will be binding on all class members, regardless of whether objections have been filed.

Dated at Milwaukee, Wisconsin, this ____ day of _____, 2015.

_____
LYNN ADELMAN
District Judge

# EXHIBIT 4
## PUBLICATION NOTICE

### LEGAL NOTICE

To:     Employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

This notice is intended to provide class members with information about the proposed Amended and Restated Settlement Agreement, Release, and Covenant Not To Sue—or "Agreement"—reached by the parties in the "Litigation" of *Master Lock Co. v. International Union, UAW*, Case 2:14-cv-00383-LA (E.D. Wis. filed Apr. 3, 2014), which consist of Master Lock, the UAW (and one of its local unions), and several Master Lock retirees. A copy of the Agreement is available for review at the Court's website (www.wied.uscourts.gov). The Agreement is subject to final approval by the Court after considering any objections filed by class members. If approved, the Court will enter a judgment, and you will receive approximately $2,771.61 from Master Lock, and your claims against Master Lock regarding post-August 31, 2014 life insurance benefits or Medicare Part B supplements will be liquidated and dismissed with prejudice in the judgment.

There will be a hearing before the Honorable Lynn Adelman in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, on [insert date], at [insert time], for the purpose of determining whether the proposed Agreement and the settlement it represents are fair, reasonable, and in the best interests of the Master Lock retirees and whether they should be finally approved by the Court. Any class member may appear at the hearing and tell the Court why the proposed

Agreement and settlement should not be approved. To do so, however, the class member must file and serve his or her objection in accordance with the instructions in the Agreement.

**EXHIBIT 5**
**JUDGMENT**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| MASTER LOCK COMPANY LLC, | |
| Plaintiff-Counterdefendant, | |
| v. | Case 2:14-cv-00383-LA |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 469, | |
| Defendants-Counterclaimants, | |
| and | |
| JACQUELINE PETERSON, JACK SKOK, and LAWRENCE JOZWIAK, | |
| Defendants, | |
| and | |
| CLINTON CROSBY, CLYDE EHLERS, and DORIS MEISSNER, | |
| Counterclaimants. | |

## [PROPOSED] JUDGMENT

This matter comes before the Court for approval of the Amended and Restated Settlement

Agreement, Release, and Covenant Not To Sue—or "Agreement"—dated March 3, 2015, which

the parties have asked this Court to approve. The Court, having considered the Agreement, all

papers filed and proceedings held herein and being otherwise fully advised of the premises, and good cause appearing therefore,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES** that:

1.      This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the classes defined in paragraphs 2 through 5.

2.      This Court certified Jacqueline Peterson, Jack Skok, and Lawrence Jozwiak as representatives of a "Defendant Class" of employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

3.      The Court certified Clinton Crosby as the representative of a "1976–1995 Class" of Master Lock employees who were represented in bargaining by the UAW and UAW Local 469; who retired between June 2, 1976, and May 28, 1995; who did not retire under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees; and who retired with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

4.      The Court certified Clyde Ehlers as the representative of a "1993 Class" of Master Lock employees who retired under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

5.      The Court certified Doris Meissner as the representative of a "1997 Class" of Master Lock employees who retired under section 4 of the 1997 Supplemental Agreement

between Master Lock and UAW Local 469 with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

6. This Court hereby approves the terms of the settlement set forth in the Agreement and finds that the settlement agreed to therein is, in all respects, fair, reasonable, and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class.

7. This Court hereby dismisses, with prejudice to the UAW, UAW Local 469, Mr. Crosby and each member of the 1976–1995 Class, Mr. Ehlers and each member of the 1993 Class, and Ms. Meissner and each member of the 1997 Class, each and every counterclaim in this litigation against Master Lock.

8. Master Lock is released and forever discharged from any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred, attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in this litigation by the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class.

9. This Court hereby dismisses, with prejudice to Master Lock, each and every claim in this litigation against the UAW; UAW Local 469; and Ms. Peterson, Mr. Skok, Mr. Jozwiak, and each member of the Defendant Class.

10. The UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, and the Defendant Class; Mr. Crosby and the 1976–1995 Class; Mr. Ehlers and the 1993 Class; and Ms. Meissner and the 1997 Class are released and forever discharged from any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred,

attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in this litigation by Master Lock.

11.     All class members and anyone claiming on behalf of or through a class member (including, but not limited to, any spouse or dependent of a class member) are hereby forever barred and enjoined from instituting or prosecuting, either directly or indirectly, against Master Lock any and all claims, controversies, actions, causes of actions, demands, debts, damages, costs whenever incurred, attorney's fees, judgments, or liability of any nature, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable, or statutory, that were raised or could have been raised in this litigation by the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, Ms. Meissner, the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class.

12.     Neither the entry into the Agreement nor the consent to this judgment is, or may be construed as, an admission by or against any of the parties of any wrongdoing, liability, or nonliability. The Agreement, this judgment, and any documents related to either of the foregoing shall not be introduced in evidence in any proceeding against any of the parties in any tribunal for any purpose except to enforce the terms of the Agreement or this judgment.

Dated at Milwaukee, Wisconsin, this _____ day of _____, 2015.


_____
LYNN ADELMAN
District Judge