IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MASTER LOCK COMPANY LLC,<br><br>    Plaintiff-Counterdefendant,<br><br>v.<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 469,<br><br>    Defendants-Counterclaimants,<br><br>and<br><br>JACQUELINE PETERSON, JACK SKOK, and LAWRENCE JOZWIAK,<br><br>    Defendants,<br><br>and<br><br>CLINTON CROSBY, CLYDE EHLERS, and DORIS MEISSNER,<br><br>    Counterclaimants. | Case 2:14-cv-00383-LA |

## ORDER OF PRELIMINARY APPROVAL

The parties entered into a proposed Amended and Restated Settlement Agreement, Release, and Covenant Not To Sue—or "Agreement"—on March 3, 2015, and requested the Court to give its preliminary approval to the Agreement and approve the form and method of providing notice of the proposed settlement to the Defendant Class, the 1976–1995 Class, the

1993 Class, and the 1997 Class. The Court has reviewed the Agreement, including the proposed form of notice to the classes, and finds and concludes as follows:

1. This Court certified this case as a class action on September 8, 2014, when it approved four classes under Federal Rule of Civil Procedure 23(b)(1) and (b)(2). *First*, the Court certified Jacqueline Peterson, Jack Skok, and Lawrence Jozwiak as representatives of a "Defendant Class" of employees of Master Lock Company LLC (or its predecessors) who were represented in bargaining by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 469 and who retired between June 2, 1976, and March 31, 2013, with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Second*, the Court certified Clinton Crosby as the representative of a "1976–1995 Class" of Master Lock employees who were represented in bargaining by the UAW and UAW Local 469; who retired between June 2, 1976, and May 28, 1995; who did not retire under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees; and who retired with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Third*, the Court certified Clyde Ehlers as the representative of a "1993 Class" of Master Lock employees who retired under the 1993 Master Lock Special Voluntary Separation Program for Hourly Employees with eligibility for company-provided Medicare Part B supplements and life insurance benefits. *Finally*, the Court certified Doris Meissner as the representative of a "1997 Class" of Master Lock employees who retired under section 4 of the 1997 Supplemental Agreement between Master Lock and UAW Local 469 with eligibility for company-provided Medicare Part B supplements and life insurance benefits.

2. The Court is familiar with the history of this case, having presided over it since Master Lock commenced it on April 3, 2014. The Court has now considered the papers filed in support of the Agreement and the statements of the parties' counsel on the record. Based on this Court's extensive knowledge of this case and a review of the proposed Agreement, the Court finds, on a preliminary basis, that the Agreement is fair, reasonable, adequate, and in the best interests of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class. The Court will therefore direct that the notice of the Agreement be provided to the Class pursuant to Federal Rule of Civil Procedure 23(e)(1).

3. The Court has reviewed the parties' proposed "Notice of Preliminary Approval" (Exhibit 3 to the Agreement) and "Publication Notice" (Exhibit 4 to the Agreement) and finds that they comply with the requirements of Federal Rule of Civil Procedure 23(e) and present the terms of the Agreement and the rights and responsibilities of the members of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class in the settlement approval process.

4. The parties propose that Hawks Quindel send the Notice of Preliminary Approval to the members of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class by first-class mail using the addresses for the class members in Master Lock's records (which Master Lock shall provide to Hawks Quindel) and that Hawks Quindel publish the Publication Notice for a three-day period in the *Milwaukee Journal Sentinel* (half the costs of which shall be paid by Master Lock). The Court finds that such notice is the best notice practicable under the circumstances, is reasonably calculated to effectuate actual notice of the settlement to the classes, and satisfies the requirements of Federal Rule of Civil Procedure 23(e)(1).

Based upon the foregoing findings of fact and conclusions of law,

3
Case 2:14-cv-00383-LA    Filed 03/25/15    Page 3 of 5    Document 47

**THE COURT HEREBY ORDERS** that the Agreement is preliminarily approved.

**THE COURT ORDERS FURTHER** that all proceedings not related to the approval and implementation of the Agreement are stayed until further order of the Court.

**THE COURT ORDERS FURTHER** that the Notice of Preliminary Approval of the Agreement, **as modified by the Court on March 25, 2015**, is approved by this Court and that the notice be mailed on or before **April 15, 2015**, by Hawks Quindel to each member of the Defendant Class, the 1976–1995 Class, the 1993 Class, and the 1997 Class at the address Master Lock has for the class member (which Master Lock must provide to Hawks Quindel).

**THE COURT ORDERS FURTHER** that Hawks Quindel certify to the Court on or before **April 15, 2015**, that the Notice of Preliminary Approval has been mailed to class members as ordered by the Court.

**THE COURT ORDERS FURTHER** that the Publication Notice is approved by this Court and that on or before **April 15, 2015**, Hawks Quindel publish the Publication Notice for a three-day period in the *Milwaukee Journal Sentinel* (half the cost of which shall be paid by Master Lock).

**THE COURT ORDERS FURTHER** that on **June 22, 2015, at 10:30 a.m.**, in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, the Court will conduct a hearing to finally determine the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Agreement.

**THE COURT ORDERS FURTHER** that any member of the Defendant Class, the 1976–1995 Class, the 1993 Class, or the 1997 Class may appear personally or by counsel at the hearing and may object or express his or her view regarding the Agreement and present evidence,

briefs, or other papers in support thereof. However, no class member will be heard or entitled to contest the approval by this Court of the Agreement unless, on or before the date set forth in the Notice of Preliminary Approval, he or she files with the Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and serves them on (a) counsel for Master Lock, Joshua David Rogaczewski, McDermott Will & Emery LLP, The McDermott Building, 500 North Capitol Street, Northwest, Washington, District of Columbia 20001, and (b) counsel for the UAW, UAW Local 469, Ms. Peterson, Mr. Skok, Mr. Jozwiak, Mr. Crosby, Mr. Ehlers, and Ms. Meissner, Richard Saks, Hawks Quindel, S.C., Post Office Box 442, 222 East Erie Street, Suite 210, Milwaukee, Wisconsin 53202. Any class member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Agreement. Objections should bear the following heading: *Master Lock Co. v. International Union, UAW*, Case 2:14-cv-00383-LA (E.D. Wis. filed Apr. 3, 2014)—Objections to Proposed Settlement Agreement.

      **THE COURT ORDERS FURTHER** that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Defendant Class, 1976–1995 Class, 1993 Class, and the 1997 Class, except to any class member who has timely filed an objection.

      Dated at Milwaukee, Wisconsin, this 25th day of March, 2015.

                                          s/ Lynn Adelman

                                          LYNN ADELMAN
                                          District Judge